IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIAN S. KIO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1287 |
| | § | |
| FAMILY LAW CENTER, et al., | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION**

Pending before the court[1] are Defendant Texas Health and Human Services Commission's ("THHSC") Motion to Dismiss (Doc. 3), and Defendants Sarah Lom ("Lom") and Bridgette Netherly's[2] ("Netherly") Motion to Dismiss (Doc. 5). The court has considered the motions, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** both motions.

### I. Case Background

Plaintiff filed this complaint alleging that Defendants violated his constitutional rights.

### A. **Factual Background**

Plaintiff's entire complaint reads as follows:

> I, Julian S. Kio, claim that I was on time and checked in for a court hearing that I was invited to, at FAMILY LAW CENTER, located at 1115 Congress St. at 8am., in room #3 on the behalf of Marquesha Lee's case, who is my

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 30, Ord. Dated March 19, 2019.

[2] Netherly appears to be misnamed as Bridget Natalie in Plaintiff's complaint and subsequent pleadings.

daughters' mother, which who is the recipient for
services provided by the State of Texas. Marquesha
forged and subscribed me to become surety for a service,
that I did not authorize. I claim that I mailed a
"notice of terms and conditions" before coming into said
center, because I mailed said notice to Chris Daniel for
said hearing at said center. I claim that while I was in
attendance, I asked the Sarah Lom, did she received my
paperwork and she did not give any answer at that time.
Moments later I asked her if she received my paperwork
with the terms and conditions, and she stated that "they
do not do terms and conditions". I claim that I was told
by the persons' working for said center intimidated and
while deceiving me, by saying "If I don't check in I will
be put in default and there will be a warrant out for my
arrest". I claim I gave all persons involved notices of
asserting and exercising my private rights and federally
protected constitutional rights. I claim that Bridget
Natalie called my job three times asking for my social
security accounting number, where I live, and she stated
that I had a court hearing, which I was never notified
and she was going to push the hearing anyway and file for
the hearing, on my behalf, that I never gave her
permission to act or speak on my behalf. I was laughed
at by the persons representing said center, because I
asserted and exercised my federally protected rights, not
to participate, volunteer, or agree to do business. My
4th, 5th and 14th U.S. constitutional rights, also State
Constitutional rights, were infringed upon. My person
JULIAN SOKEIPIRI KIO, under the 4th U.S. amendment right
to protect and secure my person. My 5th U.S. amendment
by trying to coerce me to into signing an agreement
contract. My 14th U.S. amendment was infringed upon,
because I canceled the Acknowledgement of Paternity
Contract, by intimidating me into coming to said center.
I was threatened today, if I did not participate there
will be a warrant for I and my person; JULIAN SOKEIPIRI
KIO, by the persons employee at said center. This
harassment has been going on since 2016. This is a
claim, and not a complaint. Relief sought: $225,000.00
demand: 225,000.00 I demand a jury.[3]

From additional pleadings filed by the parties, it appears

that Plaintiff's allegations relate to a Suit Affecting Parent-

---

[3]  See Doc. 1, Pl.'s Orig. Compl. p. 2.

Child Relationship initiated by the Office of the Attorney General Child Support Division ("OAG - CSD").[4]

**B. Procedural Background**

On April 24, 2018, Plaintiff filed this lawsuit against the Family Law Center,[5] THHSC, Marquesha Lee ("Lee"), Lom, and Netherly.[6] On May 14, 2018, THHSC filed its pending motion to dismiss.[7] On May 30, 2018, Lee filed an answer denying that she forged Plaintiff's signature.[8] On June 1, 2018, Lom and Netherly filed their pending motion to dismiss.[9] On June 5, 2018, Plaintiff filed an objection to both motions to dismiss.[10] On June 13, 2018, THHSC, Lom, and Netherly filed replies to Plaintiff's objection to their motions to dismiss.[11] On July 11, 2018, Plaintiff filed another objection to the motions to dismiss.[12] On July 27, THHSC, Lom, and Natlie filed replies to Plaintiff's second objection to

---

[4] See Doc. 5, Lom and Netherly's Mot. to Dismiss p. 2; Doc. 10, Pl.'s 2nd Obj. to Mots. to Dismiss p. 3.

[5] The Family Law Center is a building, not a legal entity that may be sued. Accordingly, the Family Law Center is dismissed from this lawsuit.

[6] See Doc. 1, Pl.'s Orig. Compl.

[7] See Doc. 3, THHSC's Mot. to Dismiss.

[8] See Doc. 4, Lee's Ans.

[9] See Doc. 5, Lom and Netherly's Mot. to Dismiss.

[10] See Doc. 6, Pl.'s Obj. to Mots. to Dismiss.

[11] See Docs. 7 & 8, THHSC, Lom, and Netherly's Replies to Obj. to Mots. to Dismiss.

[12] See Doc. 10, Pl.'s 2nd Obj. to Mots. to Dismiss.

3

their motions to dismiss.[13]

## II. Dismissal Standards

Dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h)(3). The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Immunity under the Eleventh Amendment "operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n, 662 F.3d 336, 340 (5th Cir. 2011)(citing cases). However, Eleventh Amendment immunity is waivable, and, thus, "enacts a sovereign immunity from suit, rather than a nonwaivable limit on [federal] subject-matter jurisdiction." Id. (quoting Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997)).

Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v.

---

[13] See Docs. 11 & 12, THHSC, Lom, and Netherly's Replies to 2nd Obj. to Mots. to Dismiss.

4

FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).  A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III. Analysis

Defendants THHSC, Lom, and Netherly move for dismissal of Plaintiff's action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Plaintiff responded by primarily restating the factual allegations contained in his complaint.

**A.   THHSC's Eleventh Amendment Immunity**

Under the Eleventh Amendment,[14] sovereign immunity operates to protect states from private lawsuits in federal court. Equal Emp't Opportunity Comm'n v. Bd. of Supervisors for Univ. of La. Sys., 559 F.3d 270, 272 (5th Cir. 2009).  Absent Congress's statutory abrogation of state sovereign immunity or the State's specific waiver, the Eleventh Amendment, bars suits brought by private citizens in federal court against a state.  Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002); see also U.S.

---

[14] The Eleventh Amendment reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

5

Const. Amend. XI; <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66 (1989).

More than just a state itself is protected from certain lawsuits in federal court; "a suit against an arm or instrumentality of the State is treated as one against the State itself." <u>Lewis v. Clarke</u>, 137 S. Ct. 1285, 1293 (2017)(citing <u>Regents of the Univ. of Cal. v. Doe</u>, 519 U.S. 425, 429-30 (1997)). THHSC is an agency of the state of Texas, and is therefore, protected by the Eleventh Amendment.

Plaintiff has failed to identify a federal statute abrogating THHSC's Eleventh Amendment immunity. Similarly, Plaintiff has not shown that Texas has waived THHSC's Eleventh Amendment immunity. Defendants conjecture that Plaintiff brings his claims pursuant to 42 U.S.C. § 1983 ("Section 1983"). However, a State may not be sued pursuant to Section 1983. <u>Will</u>, 491 U.S. at 71.

For these reasons, Plaintiff's suit against THHSC is barred by THHSC's Eleventh Amendment immunity.

**B. <u>Claims Against Lom and Netherly</u>**

Lom is employed as an Assistant Attorney General with the OAG - CSD.[15] Netherly is employed as a Child Support Officer with the OAG - CSD.[16] Plaintiff has not specified whether he is suing Lom

---

[15] <u>See</u> Doc. 5-4, Ex. D to Defs. Lom and Netherly's Mot. to Dismiss, Aff. of Lom.

[16] <u>See</u> Doc. 5-3, Ex. C to Defs. Lom and Netherly's Mot. to Dismiss, Aff. of Netherly.

and Netherly in their personal or official capacities. A suit against a state official in their official capacity "is no different from a suit against the State itself." Will, 491 U.S. at 70-71. Thus, the Eleventh Amendment extends to state officials sued in their official capacity. See id. Accordingly, if Plaintiff is suing Lom and Netherly in their official capacities, he is barred from doing so because he has not shown that Lom or Netherly's Eleventh Amendment immunity has been waived.

If Plaintiff intended for his suit to be against Lom and Netherly in their individual capacities pursuant to Section 1983, then he has failed to state a claim. The only factual allegation that Plaintiff has made against Lom is that she informed him that "we do not do terms and conditions here" after Plaintiff repeatedly questioned her regarding a "notice of terms and conditions" he purportedly sent to the Harris County District Clerk.[17] The only factual allegations Plaintiff has made against Netherly are that she: (1) called Plaintiff's place of employment three times asking for his social security number and address, and stated that Plaintiff had a hearing; and (2) told Plaintiff "she does not need [his] permission and they can do what they want against [his] will" in response to Plaintiff's assertion of his constitutional rights.[18]

---

[17] See Doc. 1, Pl.'s Orig. Compl. p. 2; Doc. 10, Pl.'s 2nd Obj. to Mots. to Dismiss. p. 3.

[18] See Doc. 1, Pl.'s Orig. Compl. P. 2; Doc. 10, Pl.'s 2nd Obj. to Mots. to Dismiss pp. 3-4.

In order to prevail on a claim under Section 1983, a plaintiff must establish that the defendant deprived the plaintiff of his constitutional rights while acting under the color of state law. Moody v. Farrell, 868 F.3d 348, 351 (5th Cir. 2017). Plaintiff's factual allegations against Lom and Netherly, if taken as true, fail to establish that either Defendant deprived Plaintiff of any constitutional right. At worst, the alleged facts indicate that Lom and Netherly became mildly irritated with Plaintiff. Such conduct is a far cry from depriving Plaintiff of any of his constitutional rights.

For these reasons, Plaintiff does not have a viable claim against either Lom or Netherly.

**C.  Claim Against Lee**

Lee has not filed a motion to dismiss. However, a court may sua sponte raise a motion to dismiss for lack of subject matter jurisdiction at any time. See Perez v. Stephens, 784 F.3d 276, 280 (5th Cir. 2015) (stating that "it is axiomatic that we must consider the basis of our own jurisdiction, sua sponte if necessary").

As discussed above, the court finds that Plaintiff does not have a viable claim against any of the other Defendants present in this lawsuit. Plaintiff's sole allegation against Lee is that she forged his signature on two State of Texas Acknowledgment of Paternity documents. Plaintiff only claims that the court

8

possesses federal question jurisdiction.[19]

Plaintiff's allegation of forgery does not raise a federal claim against Lee. Plaintiff has broadly claimed that all of the Defendants' conduct violated his constitutional rights. However, Plaintiff has failed to connect his allegation against Lee to an actionable violation of the U.S. Constitution. Moreover, the court is unaware of any legal theory that would give it original jurisdiction over Plaintiff's state law claim that Lee forged his signature on the Acknowledgement of Paternity documents.

The court may decline to exercise its supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). Accordingly, because the other defendants are being dismissed and the court lacks original jurisdiction, the court declines to extend supplemental jurisdiction over Plaintiff's claim against Lee.

## IV. Conclusion

Based on the foregoing, Plaintiff's claims against all Defendants are **DISMISSED**.

**SIGNED** in Houston, Texas, this 28th day of March, 2019.

_____
U.S. MAGISTRATE JUDGE

---

[19] See Doc. 1-1, Civil Cover Sheet.